JOSEPH G. BOUCHER *vs.* STATE BOARD OF HEALTH.

Pub. Laws R. I. cap. 1353, § 3, of May 16, 1895, requires the State Board of Health, upon application, to issue a certificate to practice medicine to any reputable physician practicing or desiring to begin the practice of medicine or surgery in this State, who holds a diploma from a reputable and legally chartered medical college, endorsed as such by the State Board of Health.

The State Board of Health having in several instances issued certificates to practice medicine in this State to graduates of the Medical Department of Laval University, a legally chartered medical college in Montreal, Canada, where such graduates, before coming here, had practiced in Canada under licenses from the College of Physicians and Surgeons, who grant licenses to practice medicine in Canada to graduates of Laval University as a matter of course, on payment of a prescribed fee ;

*Held*, that the State Board of Health had in effect endorsed Laval University as a reputable and legally chartered medical college.

APPEAL from the decision of the State Board of Health.

So much of Pub. Laws R. I. cap. 1353, § 3, of May 16, 1895, as is material to the case is as follows :

SEC. 3.    Authority to practice medicine under this law

shall be a certificate from the state board of health, and said board shall upon application issue a certificate to any reputable physician who is practicing, or who desires to begin the practice of medicine or surgery in this state, who possesses any of the following qualifications :

FIRST. A diploma from a reputable and legally chartered medical college, endorsed as such by the state board of health.

*February* 11, 1896. PER CURIAM. The appellant is a graduate of the Medical Department of the Laval University, a legally chartered medical college in Montreal, Canada, but his application for a certificate to practice medicine was refused by the respondents on the ground that Laval University had not been endorsed by them as a reputable and legally chartered medical college. It appears, however, that if he had presented with his diploma a license to practice medicine in Canada from the College of Physicians and Surgeons, a board similar to the respondents, they would have granted him a certificate to practice. The evidence shows that the license of the College of Physicians and Surgeons is granted as a matter of course to those holding diplomas from the Laval University who, like the applicant, had been found by the Governors of the College of Physicians and Surgeons qualified to pursue the study of medicine and had been registered in the books of the college as having commenced the study, on the payment of a prescribed fee, and that it merely confers authority on the licensee to practice in Canada. We understand also, from the testimony, that in several instances the respondents have granted certificates to practice to graduates of Laval University who, having practiced medicine in Canada prior to coming here, had the license of the College of Physicians and Surgeons. If this be so, we think that, inasmuch as the license of the College of Physicians and Surgeons is granted to holders of diplomas of Laval University, of the class mentioned, without examination, merely on the payment of a prescribed fee, the granting of certificates by the respondents to other graduates of Laval University, qualified as above stated, was in effect an endorsement of that University by them as a legally chartered medical

college, to the extent mentioned, and that they therefore erred in refusing a certificate to the appellant merely because, not wishing to practice in Canada, he did not pay the fee and obtain the license from the College of Physicians and Surgeons.

Decision of the State Board of Health overruled.

*Charles E. Gorman & Ambrose Choquet,* for appellant.

*Edward C. Dubois,* Attorney General, for appellee.

